MARGARET R. JEMISON, PLAINTIFF-RESPONDENT, v. ENOCH N. TINDALL, DEFENDANT-APPELLANT.

Argued November 8, 1916—Decided December 19, 1916.

1. A parol assignment of a chose in action based on contract, whether such chose in action be evidenced by writing or not, is assignable at law and the assignee may sue thereon in his own name.

2. Plaintiff owed a commission for sale of her real estate under a contract with three persons who acted as her brokers, and paid the whole to one of them who receipted for all. The two others having recovered a judgment against plaintiff, claiming that she was not discharged by such payment, she paid the judgment and took an assignment by parol of their claim against the third. *Held,* that she was entitled to recover back such part of the money originally paid to him as represented the claim of the other two on a division of the commission.

On appeal from the District Court.

Before Justices GARRISON, PARKER and BERGEN.

For the appellant, *Hutchinson & Hutchinson.*

For the appellee, *Aaron V. Dawes.*

The opinion of the court was delivered by

PARKER, J. The appellee, plaintiff below, employed appellant Tindall and two other men named Miller and Cohen, to sell her farm, and agreed in writing to pay them $300 commission, which they earned by effecting a sale. Mrs. Jemison then paid the commission to Tindall, who receipted both for himself and the others, but concealed from them the fact of payment. Later they learned of it, and instead of bringing suit against Tindall for their shares of the commission, sued Mrs. Jemison jointly and recovered judgment against her for $200, as for their shares in the amount earned.

The propriety of that judgment is not in question here. Mrs. Jemison paid the judgment, at the same time taking from Miller and Cohen an assignment by parol of their claim against Tindall, and then sued him to recover back so much of the commission as her assignors were entitled to have on a settlement between them and Tindall. This the trial court found was $150, and gave her a judgment for that amount and interest, from which Tindall appeals.

The principal point urged for the appellant is that the parol assignment was invalid, or at most, enforceable only in equity, but neither branch of this proposition is sound. A chose in action arising out of contract is assignable by parol (*Hutchings* v. *Low,* 13 *N. J. L.* 246; *Allen* v. *Pancoast,* 20 *Id.* 68; *Sullivan* v. *Visconti,* 68 *Id.* 543, 549; *New Jersey Produce Co.* v. *Gluck,* 79 *Id.* 115), in which last case the subject of assignment was a right of action on book account, and by section 19 of the Practice act of 1903, choses in action arising on contract are assignable at law, and the assignee may sue thereon in his own name. This is applicable to suits in District Courts. *Comp. Stat., p.* 1977, § 68.

The other grounds of appeal are either irrelevant or without merit, and the authorities cited in support of them need not be particularly noticed.

The validity of the parol assignment being clear, Mrs. Jemison acquired thereby the rights that Miller and Cohen jointly or severally had to recover from Tindall such part of the commission as they were entitled to under their arrangement with Tindall; or if it be assumed that Tindall had no right to collect the whole commission in the name of the three, and that Mrs. Jemison still remained liable to Miller and Cohen for their shares, she was then entitled to recover back such amount as Tindall was overpaid. In either event the judgment should be affirmed.